**SCHWINN BICYCLE COMPANY,**
**Plaintiff-Appellant,**

v.

**MURRAY OHIO MANUFACTURING**
**COMPANY, Defendant-Appellee.**

**No. 72–1158.**

United States Court of Appeals,
Sixth Circuit.

Nov. 24, 1972.

William E. Lucas, Chicago, Ill., Malcolm McCaleb, Horton, Davis, McCaleb & Lucas, Chicago, Ill., Robert C. Hendon, Jr., Nashville, Tenn., on brief, for plaintiff-appellant.

Edward M. Prince, Washington, D. C., C. Willard Hayes, Washington, D. C., W. W. Berry, Bass, Berry & Sims, Nashville, Tenn., on brief, for defendant-appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and WELLFORD *, District Judge.

PER CURIAM.

This is an appeal from the District Court's judgment for Defendant-Appellee, Murray Ohio, in a suit by Plaintiff-Appellant, Schwinn, seeking damages and injunctive relief against Murray Ohio's alleged trademark infringement and unfair competition.[1] Because the District Court's Memorandum Opinion, appearing at 339 F.Supp. 973, thoroughly sets forth the factual and legal bases for that Court's judgment, we will restate only so much of the case as is necessary to consider the issues raised by Schwinn on this appeal.

Both Schwinn and Murray Ohio are manufacturers of bicycles and, more particularly for purposes of this case, original and replacement bicycle rims. The present suit was instituted by Schwinn claiming that Murray Ohio has infringed since about 1965, and continues Trademark Registration No. 570,518, to infringe, the former's United States dated February 17, 1953. That trademark applies to the knurl design appearing on the inner face of Schwinn's tubular rims, which is described in the Registration as follows:

"The trade-mark consists of two endless parallel lines, each consisting of a multiplicity of cross parallel lines, knurled into the inner surface of a bi-

---

* The Honorable Harry W. Wellford, United States District Judge for the Western District of Tennessee, sitting by designation.

1. Murray Ohio has not appealed from the District Court's holding that there was insufficient evidence to support its counter-claim under 15 U.S.C. §§ 1119–1121 asserting that Schwinn fraudulently procured the trademark registration. *See* 339 F.Supp. at 982–984.

cycle rim of metal on opposite sides of the spoke apertures formed in such rim."

The District Court found from the uncontradicted evidence that the knurled markings are "commercially necessary to mask, hide or camouflage the roughened and charred appearance resulting from welding the tubular rim sections together," with the only other method of achieving this result being "the more complex and more expensive process of grinding and polishing." 339 F.Supp. at 980. The Court thus concluded that "Schwinn's registered trademark . . is not a valid trademark in that the knurled markings are functional and therefore not entitled to exclusive appropriation as a trademark." 339 F.Supp. at 982.

On appeal, Schwinn initially asserts that the District Court erred in placing upon it the burden of proving nonfunctionality, citing the following language from the Court's opinion:

"Plaintiffs offered no evidence of any alternative process which could be used to accomplish the same cosmetic purpose at such a minimal cost." 339 F. Supp. at 981.

A reading of the District Court's opinion clearly reveals that the above-quoted language simply refers to Schwinn's failure to refute Murray Ohio's evidence that the knurling process is more economical than grinding and polishing in order to mask the weld marks. The Court properly recognized that registration with the Office of Patents gives rise to a rebuttable presumption that the trademark is valid and that the burden was on Murray Ohio to rebut this presumption. 339 F.Supp. at 979–980, 982.

Schwinn further contends that there was insufficient evidence upon which the District Court could find that the knurling process is functional. Specifically, Schwinn contends that Murray Ohio failed to introduce any evidence re-

flecting the current cost of knurling as compared with the current cost of grinding and polishing. From the record before us and in the absence of any contradictory evidence, we conclude that the November 6, 1951, letter by Mr. Schwinn, the testimony of Messrs. Pitman and Birlando, and the deposition of Mr. Wiley afforded ample evidence from which the Court could find that the knurling process " 'affects . . . the facility or economy of processing' the rim." 339 F.Supp. at 980. See West Point Mfg. Co. v. Detroit Stamping Co., 222 F.2d 581, 591 (6th Cir. 1955). We are thus unable to hold that the District Court's findings with respect to functionality are clearly erroneous, notwithstanding the failure or inability[2] of Murray Ohio to provide cost comparisons for the two processes.

We thus find no merit in the claims asserted by Schwinn on appeal. The judgment of the District Court is therefore affirmed.

---

2. The testimony of Mr. Pitman, Vice President of Engineering for Murray Ohio, indicates that Murray Ohio has used only the knurling process on tubular rims since it started producing those rims in 1964.