**HINDU INCENSE,**
**Plaintiff-Appellee/Cross-Appellant,**

v.

**Charles MEADOWS and Dorothy Meadows, Defendants-Appellants/Cross-Appellees.**

**Nos. 81–1257, 81–1191.**

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs Oct. 12, 1982.
Decided Nov. 18, 1982.

Irving M. Weiner, Southfield, Mich., for defendants-appellants/cross-appellees.

Charles R. Rutherford, Detroit, Mich., Harold V. Stotland, Chicago, Ill., for plaintiff-appellee/cross-appellant.

Before ENGEL and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

HARRY PHILLIPS, Senior Circuit Judge.

This appeal arises out of the issuance by the district court of a permanent injunction against infringement of a registered trademark. District Judge Patricia J. Boyle found that defendants' use of a mark infringed the registered trademark of plaintiff and thus violated § 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a). The district court also concluded that this is not an "exceptional case" under 15 U.S.C. § 1117 for an award of attorney fees. Defendants Dorothy and Charles Meadows appeal from the granting of the injunction. The plaintiff, Hindu Incense, appeals from the denial of attorney fees. We affirm.

I

Appellee Hindu Incense (Hindu), an Illinois partnership, has been in the business of making and selling incense since 1923. On July 6, 1976, Hindu became owner of the federally registered trademark "Genie," for use on "Incense and combination containing incense and an incense burner." Plaintiff's first use of this trademark occurred on March 3, 1967.

Appellant Dorothy Meadows is the sole proprietor of a business located in Detroit, Michigan, which operates under the assumed names "Genie" and "Genie Lucky Products." Mrs. Meadows and her husband, Charles Meadows, who assists in the business, have been selling incense, candles, and assorted items under these marks since some time prior to March 1977. Neither of the marks used by the appellants enjoy federal registration.

The appellee became aware of the use of the mark "Genie" by the appellants in March 1977 when appellants visited the Hindu business in Chicago. In the purchase of some incense from Hindu, appellants identified themselves as being from Genie Lucky Products in Detroit. In an offer to sell some of their products to Hindu, appellants produced an invoice which bore the mark "Genie" and also contained two pictorial representations of a genie and a list of inventory items including incense and candles. Subsequent to this encounter Hindu notified defendants of their infringement of its registered mark and requested discontinuance of its use. Appellants refused to stop using the mark. Hindu thereupon filed this action alleging that the use by defendants of the "Genie" trademark constituted an infringement of the trademark by plaintiff under 15 U.S.C. § 1114(1)(a), a violation under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), an infringement of a trademark under the common law, and a violation of the common law of unfair competition.

District Judge Boyle conducted a bench trial and made findings of fact pursuant to Fed.R.Civ.P. 52(a), upholding the claims of plaintiff and enjoining defendant Dorothy Meadows and all persons in concert and privity with her, including specifically Genie Lucky Products and Charles Meadows, from any further use of the mark "Genie" in connection with the sale of incense or candles.

II

Appellants contend that the district court erred in not making a finding as to whether the mark "Genie" acquired a secondary meaning. They assert that such an inquiry was necessary because appellee's mark is descriptive, a conclusion not reached by the district court. The resolution of this issue depends on the relative strength of the trademark "Genie." For trademark purposes the courts have classified some marks as "strong" and others as "weak." See Jewel Companies, Inc. v. Westhall Co., 413 F.Supp. 994, 1000 (N.D. Ohio 1976), aff'd, 575 F.2d 1176 (6th Cir. 1978). A strong mark generally is considered suggestive or one so fanciful that it has come to symbolize the source of origin. McGregor-Doniger Inc. v. Drizzle Inc., 599

F.2d 1126, 1131 (2d Cir.1979); *R.G. Barry Corp. v. A. Sandler Co., Inc.,* 406 F.2d 114, 116 (1st Cir.1969). Alternatively, weak marks include those which are generic or describe the usual and the not so fanciful qualities of the product. *McGregor-Doniger, Inc., supra,* 599 F.2d at 1131; *Jewel Companies Inc., supra,* 413 F.Supp. at 1000. Accordingly, the strong mark enjoys greater protection while the weak mark is afforded little support. A descriptive mark generally is considered a weak mark and is entitled to protection only upon a showing of secondary meaning. *McGregor-Doniger Inc., supra,* 599 F.2d at 1131; *Jewel Companies, Inc., supra,* 413 F.Supp. at 1000–01. *See* 15 U.S.C. § 1052(f) (descriptive term can be registered only if it has become distinctive of the applicant's goods in commerce).

We conclude that the district court did not commit reversible error in declining to decide the issue of secondary meaning. The district judge made a finding of fact that the mark "Genie" was not merely descriptive but one which is "fanciful," "suggestive" and "sufficiently strong" to warrant protection. This finding should not be disturbed unless clearly erroneous. Fed.R. Civ.P. 52(a). *See Jewel Companies, Inc., supra,* 575 F.2d at 1177. Further, the district court characterization of the mark as not being descriptive is aided by a presumption of validity since it enjoys federal registration. *See Schwinn Bicycle Co. v. Murray Ohio Manufacturing Co.,* 470 F.2d 975, 977 (6th Cir.1972) (registration with the Office of Patents gives rise to a rebuttable presumption that the trademark is valid). The record shows that appellants failed to rebut this presumption of validity. A mere allegation that the mark is descriptive, requiring proof of secondary meaning, is insufficient to carry the burden required to rebut the presumption of validity or demonstrate reversible error. *See Beer Nuts, Inc. v. King Nut Co.,* 477 F.2d 326, 328 (6th Cir.), *cert. denied,* 414 U.S. 858, 94 S.Ct. 66, 38 L.Ed.2d 108 (1973), *rehearing denied,* 414 U.S. 1033, 94 S.Ct. 465, 38 L.Ed.2d 326 (1973).

We conclude that the finding of the district court that the mark "Genie" is not a purely descriptive mark is not clearly erroneous and, therefore, the district court was under no obligation to decide whether appellee's mark acquired a secondary meaning. Such an inquiry is required only when a mark is found to be descriptive. *See generally G. & C. Merriam Co. v. Saalfield,* 198 F. 369, 373–75 (6th Cir.1912), *cert. denied,* 243 U.S. 651, 37 S.Ct. 478, 61 L.Ed. 947 (1917) (discussing the history and policy behind the secondary meaning doctrine).

### III

Appellants also contest the scope of the injunction issued by the district court in that it extended relief beyond the goods recited in Hindu's registration statement. Specifically, appellants argue that the district court should not have precluded them from using "Genie" on candles since Hindu does not own a trademark registration which covers candles and does not make or market candles. The crux of appellants' argument is that trademark protection should be limited to those goods outlined in the trademark registration claim and those goods having the same descriptive properties. Appellants aver that since appellee's registration provides for "COMBINATION CONTAINING INCENSE AND AN INCENSE BURNER," coupled with the fact that appellee does not market candles, it was error for the district court to extend the injunction to include candles. We find this contention to be without merit.

The "key element in any infringement action is likelihood of confusion." *Purolator, Inc. v. EFRA Distributors, Inc., et al.,* 687 F.2d 554, 559 (1st Cir.1982); *Beer Nuts, Inc., supra,* 447 F.2d at 329. The clear language of § 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a) manifests this approach. This court held in *Atlas Supply Co. v. Atlas Brake Shops, Inc.,* 360 F.2d 16, 18 (6th Cir.1966), that the protection afforded a trademark "is not limited to goods specified in the registration, but goes to any goods which are 'likely to cause confusion' in the public's mind." To determine likeli-

hood of confusion courts have fashioned the so called "related goods" doctrine, under which a mark is afforded protection against use on related, non-competing products.[1] *See Scarves by Vera, Inc. v. Todo Imports Ltd.,* 544 F.2d 1167, 1172 (2d Cir.1976); *Fleischmann Distilling Corp. v. Manier,* 314 F.2d 149, 151 (9th Cir.), *cert. denied,* 374 U.S. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053 (1963). Appellants' contention that the protection of a trademark is limited to goods which have "the same descriptive properties" is erroneous. The phrase "same descriptive properties" appeared in the 1905 Trademark Act; however, this language has been replaced in the current Lanham Act, which makes it clear that infringement may be found through the use of the registered mark upon non-competing goods having dissimilar descriptive properties. *See Fleischmann Distilling Corp., supra,* 314 F.2d at 151 (comparing the language of the Trademark Act of 1905 with that of the present Act).

In discussing the likelihood of confusion, the district court credited the testimony of defendant Dorothy Meadows, Mr. Andrew Radkins, and Mr. David Adler. Judge Boyle found the testimony to support the conclusion that incense and candles "share a related function, are commonly displayed together in the market place, share an overlapping group of retail and wholesale customers and product area and pricing structure." The district judge also found persuasive that both products are inexpensive and are "consistent with casual, impulsive purchase, more susceptible to confusion of origin." It was further noted that the intent of appellants in usurping the mark was an important factor since it was adopted with the view of obtaining an advantage from the ten year investment of plaintiff in the mark. The reference to such factors is relevant and entirely appropriate. *See Application of E.I. DuPont DeNemours & Co.,* 476 F.2d 1357, 1361 (C.C.P.A.1973).

The finding of a likelihood of confusion is one of fact and is to be reviewed under the clearly erroneous standard of Fed.R.Civ.P. 52(a). *Purolator, Inc., supra,* 687 F.2d at 559. We conclude that the finding of likelihood of confusion is not clearly erroneous and, therefore, the district court did not commit error in extending the injunction to candles.[2]

## IV

A final issue raised on this appeal consists of a cross-appeal by Hindu contesting the refusal of the district court to award reasonable attorney fees. In attacking this denial Hindu asserts that such an award is appropriate due to the unwillingness of appellants to discontinue their use of the "Genie" mark and settle the case without trial after they were informed that the mark of appellee was federally registered.

Under § 35 of the Lanham Act, 15 U.S.C. § 1117, a court in "exceptional cases may award attorney fees to the prevailing party." Although the precise definition of the term "exceptional cases" is uncertain, the legislative history clearly suggests that it would involve cases in which the infringement was malicious, fraudulent, willful, or deliberate. S.Rep.No. 93–1400, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 7132, 7133. *See, e.g., Vuitton Et Fils, S.A. v. Crown Handbags,* 492 F.Supp. 1071, 1078–79 (S.D.N.Y.1979), *aff'd without opinion,* 622 F.2d 577 (2d Cir.1980) (a deliberate or willful violation of the Lanham Act makes the case exceptional and right for the award of attorney fees at the discretion of the court). In awarding fees

1. The "related goods" doctrine is also commonly referred to as the "Aunt Jemima" rule. *See Aunt Jemima Mills Co. v. Rigney & Co.,* 247 F. 407 (2d Cir.1917), *cert. denied,* 245 U.S. 672, 38 S.Ct. 222, 62 L.Ed. 540 (1918).

2. Appellants argue in their brief that Hindu has abandoned the mark and that the district court erred in holding that the appellee's mark has been in continuous use. The district court made extensive findings on this issue and concluded that the mark has been in continuous use since March 1967. The record contains ample documentary evidence of continuous sales by the appellee under the "Genie" mark. Therefore, the conclusion reached by the district court is not clearly erroneous.

under § 1117 trial judges are given considerable discretion. *Quaker State Oil Refining Corp. v. Kooltone Inc.*, 649 F.2d 94, 95 (2d Cir.1981).

The district court found that the adoption of the mark of appellee was not fraudulent, albeit not wholly innocent. The record and Judge Boyle's opinion also indicate that the appellants were under the belief, , although mistaken, that appellee had ceased use of the "Genie" trademark. Moreover, we find it important to note that Hindu admitted that there has been no loss of sales due to the infringement. Such a finding generally makes the case unexceptional for purposes of awarding fees under § 1117. *See Vip Foods, Inc. v. Vulcan Pet, Inc.*, 675 F.2d 1106, 1107 (10th Cir.1982). The present case is unlike the cases relied upon by appellee to support an award of attorney's fees. *See, e.g., Bowmar Instrument Corp. v. Continental Microsystems, Inc., et al.*, 497 F.Supp. 947, 961 (S.D.N.Y.1980) (awarding fees where defendant deliberately used plaintiff's trademark in the face of numerous complaints); *O'Brien International, Inc. v. Mitch et al.*, 209 USPQ 212, 221 (N.D.Cal. 1980) (case not exceptional if there is the slightest doubt as to defendant's deliberate, willful intent to infringe). We agree with the district court that the present case does not meet the requisite showing of intentional infringement for malicious, fraudulent, deliberate or willful purposes within the meaning of § 1117. Judge Boyle found that the conduct of appellant did not warrant an award of attorney fees. This holding does not constitute an abuse of discretion and we decline to overturn the ruling of the district court.

Affirmed. No costs are taxed. The parties will bear their own costs on this appeal.