**THRIFTY RENT–A–CAR SYSTEM, INC., Plaintiff,**

v.

**THRIFTY AUTO SALES OF CHARLESTON, INC., Defendant.**

No. 2:90–1276–18.

United States District Court, D. South Carolina, Charleston Division.

Sept. 22, 1993.

Marvin Infinger, Charleston, SC, Robert Sacoff, Washington, DC, for plaintiff.

Charles Altman, Charleston, SC, for defendant.

**AMENDED ORDER**

NORTON, District Judge.

This matter is before the court on plaintiff's motion for summary judgment.

### I. Background

Plaintiff Thrifty Rent–A–Car System, Inc. ("Thrifty Rent–A–Car") brought this action against defendant Thrifty Auto Sales of Charleston, Inc. ("Thrifty Auto"), pursuant to the United States Trademark Act, or Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the common law of South Carolina. Plaintiff seeks to enjoin defendant from using the trademark "Thrifty" and seeks treble damages. Defendant counterclaimed for infringement, seeking to enjoin plaintiff from selling used vehicles in Charleston and Ladson, South Carolina, under the "Thrifty" mark.

On December 3, 1991, this court dismissed defendant's counterclaim for ripeness, ordered a trial on the issue of plaintiff's alleged laches, and granted plaintiff's summary judgment motion as to the affirmative defenses of statute of limitations and estoppel by acquiescence. This court held in abeyance the plaintiff's motion for summary judgment as to infringement until the issue of laches was resolved. On December 23, 1992, this court found for the plaintiff on the issue of laches. This court now rules on the plaintiff's motion for summary judgment.

### II. Standard of Review

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact...." Fed. R.Civ.P. 56(c). This court must view the record in the light most favorable to the non-moving party. *Perini Corp. v. Perini Costr., Inc.*, 915 F.2d 121, 123–24 (4th Cir.1990). The judge is not to weigh the evidence himself but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The moving party is entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing on an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). If the moving party carriers its burden of establishing the absence of genuine issues of material fact, the non-moving party "may not rest upon mere allegations or denials" of its pleading, Fed. R.Civ.P. 56(e), but must produce sufficient evidence to reasonably support a jury verdict in its favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

> The non-moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.' [Cite omitted]. 'The mere existence of a scintilla of evidence in support of [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [the non-moving party].'

*Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir.1992). *See also Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985) ("Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. · A trial, after all, is not an entitlement. It exists to resolve what reasonable minds would recognize as real factual disputes").

### III. Analysis

■ Plaintiff registered the trademark "Thrifty" in accordance with 15 U.S.C.

§§ 1065 & 1115(b).[1] Defendant agrees that plaintiff's trademarks are incontestable. Defendant's supplemental memo, at 2, 5.

■ The Lanham Act prohibits a person from using a registered mark in a way which is likely to confuse the public. 15 U.S.C. §§ 1114(1)(a).[2] "[I]t is not necessary for the owner of the registered trademark to show actual confusion: the test is whether there is likelihood of confusion." *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir.1984). The factors to be considered in determining likelihood of confusion are (a) the strength or distinctiveness of the mark; (b) the similarity of the two marks; (c) the similarity the goods/services the marks identify; (d) the similarity of the facilities the two parties use in their businesses; (e) the similarity of the advertising used by the two parties; (f) the defendant's intent; and (g) actual confusion. *Id.*

Not all these factors are "relevant or equally emphasized in each case." *Id.* In this case, actual confusion is the decisive issue. Because plaintiff's mark is registered, defendant "must introduce sufficient evidence to rebut the presumption of plaintiff's right to such exclusive use." *Id.* at 1529.

A showing of actual confusion is "patently the best evidence of likelihood of confusion." *Louisiana World Exposition, Inc. v. Logue,*

746 F.2d 1033, 1041 (5th Cir.1984);[3] *see also Country Floors v. A Partnership Composed of Gepner and Ford,* 930 F.2d 1056, 1064 (3d Cir.1991) (actual confusion usually implies a likelihood of confusion); *McGraw–Edison Co.' v. Walt Disney Productions,* 787 F.2d 1163, 1172–73 (7th Cir.1986) (plaintiff offered survey results showing confusion); *World Carpets, Inc. v. Dick Littrell's New World Carpets,* 438 F.2d 482, 489 (5th Cir.1971) (there can be no more positive or substantial proof of the likelihood of confusion than proof of actual confusion).[4]

In the non-Jury trial before this court on the issue of laches, Mr. William Gardner, former owner of Thrifty Auto, testified that he received misdirected calls only about once or twice a month. Order, December 23, 1992, at § II, ¶ 7. Mr. Tom Bonner, Vice President of the National Licensee Division for Thirty Rent–A–Car, testified that the Charleston licensee learned of Thrifty Auto from misdirected calls and visits by people inquiring about used cars for sale by Thrifty Auto. Order, December 23, 1992, at § II, ¶ 10. Defendant's owner, Mr. Gary Frank, never "paid any attention" to Thrifty Rent–A–Car until the Charleston licensee moved its office to Montague Avenue, which is in close proximity to defendant's establishment. Order, December 23, 1992, at § II, ¶ 9.

---

1. Plaintiff registered the service mark "THRIFTY" pertaining to vehicle renting and leasing under registration numbers 816,350, October 4, 1966; 880,666, November 11, 1969; 986,155, June 1, 1974; 1,570,143, December 5, 1989; 1,570,142, December 5, 1989; 1,570,141, December 5, 1989; 1,566,277, November 14, 1989; 1,570,144, December 5, 1989; and 1,572,-308, December 19, 1989. Plaintiff's complaint, at ¶ 8.

2. Any person who shall, without the consent of the registrant—
   (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is *likely to cause confusion,* or to cause mistake, or to deceive .... shall be liable in a civil action by the registrant for the remedies hereinafter provided.
   15 U.S.C. § 1114(1)(a) (emphasis added). Where the mark is not registered, 15 U.S.C. § 1125(a)(1) provides that

[a]ny person who, or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person....

3. The district court heard testimony from one confused customer. *Louisiana World,* 746 F.2d at 1041. The court of appeals affirmed the district court's injunction, holding that the trial judge is best able to judge the credibility of a witness at trial. *Id.*

4. The court affirmed a directed verdict based on uncontradicted evidence of actual confusion.

Defendant admits the existence of actual confusion.[5] Based on the testimony and defendant's admission, this court finds as an undisputed fact that some customers actually confuse the two businesses. Despite its admission of actual confusion, defendant argues that there is little likelihood of confusion between the businesses.

Defendant argues that plaintiff's affidavits showing thirty-five to forty-five misdirected calls a week raises a factual issue because defendant "received very few analogous calls." Defendant's supplemental memo, at 7. This supposed conflict does not help defendant. First, defendant's assertion that *defendant* received very few calls does not rebut, nor even address, plaintiff's assertions that *plaintiff* received numerous calls. Second, this disputed question of fact only raises an issue as to the *amount* of confusion, and not the fact of actual confusion.

Defendant further argues that plaintiff failed to show harm. First, this argument does not address the likelihood of confusion issue. Second, defendant produces no authority to support its contention that plaintiff must show harm. In fact, "the most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendant's goods." *Ideal Industries v. Gardner Bender, Inc.*, 612 F.2d 1018, 1026 (7th Cir.1979), *cert denied*, 447 U.S. 924, 100 S.Ct. 3016, 65 L.Ed.2d 1116 (1980). Because plaintiff has no control over defendant's business, plaintiff therefore suffers harm from defendant's the use of its name.

Defendant argues that "thrifty" is "an english word that commonly denotes good prices." Defendant's supplemental memo, at 5. Defendant cites *Hart Schaffner & Marx v. Empire Mfg. Co.*, 197 F.2d 558 (C.C.P.A. 1952) to support its contention that the use of such plain words is entitled only to narrow protection. In *Hart Schaffner*, 197 F.2d at 560, the court found that the "Dixie Weave" label for mens suits and the "Dixie leader" label for work clothes may coexist without likelihood of confusion.

[T]he word "Dixie" is common to both marks but, in our opinion, there the resemblance ceases.

The word "Weave" certainly does not look like the word "Leader"; neither do the words sound alike nor do they have the remotest similarity in meaning.

*Hart Schaffner*, 197 F.2d at 560.

Defendant is correct in its assertion that "thrifty" is a common english word. "Thrifty" describes a characteristic of the business (i.e., cheap). However, unlike the situation in *Hart Schaffner*, the other terms in the parties' marks clearly describe the nature of the business. In the Charleston area, plaintiff uses the trade names "Thrifty Car Rental," "Thrifty Rent–A–Car," and "Thrifty Truck Rental." Defendant uses the trade name "Thrifty Auto Sales." "Car" and "auto" are synonymous. Therefore, the only distinguishing characteristic between the parties' marks is the specific nature of their businesses.

Defendant argues that the businesses are dissimilar because plaintiff rents cars and defendant sells older cars and caters to customers with credit problems. First, it is disingenuous to argue that these businesses are dissimilar. Both businesses handle the same durable item, cars, and operate in the same market area. *Cf. National Car Rental System v. National Car Sales*, 17 U.S.P.Q.2d 1959, 1962 (M.D.Fla.1990). Second, this court's finding of actual confusion rebuts the argument that the businesses are dissimilar.

Defendant states that it presented evidence that other Charleston businesses, including a store, a laundromat, and a furniture warehouse all use the word "thrifty" or "thrift" in their trade names. Defendant's supplemental memo, at 5. The court is perplexed as to defendant's reason for presenting this evidence, which invites comparison between these businesses. This list of businesses evokes an image of the "which two of these belong together" test: the store, the laundromat, the furniture warehouse, the auto sales business and the car rental busi-

---

**5.** Thrifty Auto "received very few calls from prospective renters. The few callers who inadvertently called [Thrifty Auto] for rentals were re- ferred to [Thrifty Rental]." Defendant's supplemental memo, at 2.

ness. This court finds that the store, laundromat, and furniture warehouse are in businesses dissimilar from plaintiff's and defendant's businesses. Taking the facts in the light most favorable to the defendant, this court finds that plaintiff's and defendant's businesses are similar.

■ The bottom line is whether the reasonable trier of fact might differ as to the likelihood of confusion. *Physicians Formula Cosmetics Inc. v. West Cabot Cosmetics, Inc.,* 857 F.2d 80 (2nd Cir.1988).[6]

[W]hile very little proof of actual confusion would be necessary to prove the likelihood of confusion, *an almost overwhelming amount of proof would be necessary to refute such proof.*

*World Carpets,* 438 F.2d at 489 (emphasis added). Defendant has not shown that *any* of the factors weigh in its favor. Based on the undisputed evidence regarding actual confusion, this court finds that defendant failed to produce sufficient evidence to reasonably support a jury verdict in its favor.[7] Therefore, this court finds defendant in violation of 15 U.S.C. §§ 1114(1)(a) and 1125(a).

## IV. *Remedy*

Plaintiff requests an injunction and recovery pursuant to 15 U.S.C. §§ 1116, 1117(a) and 1118. This court may grant an injunction, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant." 15 U.S.C. § 1116. This court may require that the defendant file a report setting forth defendant's compliance with the injunction. *Id.* In compliance with 15 U.S.C. § 1116, this court enjoins defendant from use of the trademark "thrifty" and orders that defendant report to this court, within forty-five (45) days of the date of this order, the manner and form in which the defendant has complied with this injunction.

This court may also order that

all labels, signs, prints, packages, wrappers, receptacles, and advertisement in the possession of the defendant, bearing the registered mark or, in the case of a violation of § 1125(a) of this title, the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

15 U.S.C. § 1118. This court orders that defendant destroy all materials bearing the trademark "thrifty" in compliance with 15 U.S.C. § 1118 within forty-five (45) days of the date of this order.

As plaintiff elects voluntarily not to proceed with the claims for profits, damages, costs, and attorney's fees, those claims are hereby dismissed. It is therefore

**ORDERED** that plaintiff's motion for summary judgment be **GRANTED.** It is further

**ORDERED** that defendant, Thrifty Auto Sales of Charleston, Inc., its officers, agents, servants, and employees be permanently enjoined from:

(a) using the name or mark "Thrifty" for automobile sales;

(b) using any other name or mark which is a reproduction, counterfeit, copy or colorable imitation of plaintiff's marks "Thrifty" or "Thrifty Car Rental" in connection with automobile sales or rental;

(c) doing any other act or thing likely to confuse, mistake or deceive purchasers or others into believing that defendant, or its services, emanate from plaintiff or are in any way connected with, sponsored or approved by plaintiff. It is further

6. In *Physicians Formula,* 857 F.2d at 85, the district court erred in granting summary judgment where it found that the party with the greatest number of factors weighing in its favor wins.

7. This court's decision is narrowly tailored to the facts in this case; *i.e.* the parties are in very similar businesses, the parties' places of business are in close proximity to one another, actual confusion is undisputed, and the defendant failed to produce evidence to rebut the fact of actual confusion.

ORDERED that defendant report to this court within forty-five (45) days of the date of this order the manner and form of its compliance with the injunction. It is further

ORDERED defendant destroy all materials containing or bearing the trademark "thrifty" in compliance with 15 U.S.C. § 1118 within forty-five (45) days of the date of this order. It is further

ORDERED that plaintiff's request for damages, treble damages, costs and attorney's fees are voluntarily dismissed with prejudice.

**IT IS SO ORDERED.**