**PRONATIONAL INSURANCE COMPA-NY, a Michigan stock insurance company, and Professionals Group, Inc., a Michigan business corporation and insurance holding company, Plaintiff,**

v.

**Robert Michael BAGETTA, a/k/a Michael A. Valentino, an individual, and ProNational Insurance Company, (Agency) Auto/Business Incorporated, a Michigan corporation, Defendant.**

No. CIV.03–72423.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 30, 2004.

Mark T. Boonstra, Miller, Canfield, Paddock and Stone, P.L.C., Ann Arbor, MI, Jeffrey T. Rogg, Miller, Canfield, Detroit, MI, for Plaintiff.

Robert Michael Bagetta, Marenisco, MI, pro se.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs, ProNational Insurance Co. ("ProNational") and Professionals Group, Inc. ("Professionals"), bring an action against Defendants, Robert Michael Bagetta ("Bagetta") and ProNational Insurance Co., (Agency) Auto/ Business Inc., alleging that Defendants infringed upon and diluted Plaintiffs' service marks, trademarks, and trade name. Plaintiffs made a Motion for Summary Judgment. Defendants have not responded to this motion. For the reasons below, I GRANT Plaintiffs' Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

Plaintiff ProNational is a stock insurance company incorporated in Michigan in 1980. (Pl.'s Compl. ¶ 8.) ProNational Is a wholly-owned subsidiary of Plaintiff Professionals, and offers medical professional liability insurance to physicians, surgeons, dentists, hospitals and other health care providers. *Id.* Professionals is a Michigan business corporation and insurance holding company. *Id.* at ¶ 9. Plaintiff own a number of service marks and trademarks, including but not limited to: ProNational, DoctorCare, HealthPro, HealthServices, and TrailCare. *Id.* ¶ 10.

Defendant Bagetta is an individual who resides in the Michigan Department of Corrections, Ojibway Correctional Facility, Marinesco, Michigan. (Def.'s Answer at

10.) On March 20, 2003, Bagetta pleaded guilty before the Honorable Michael Warren of the Oakland County Circuit Court to an Embezzlement charge and one count of Insurance Fraud relating to the matters at issue in this lawsuit. (Pl.'s Compl. ¶ 11.) Defendant agrees that he pleaded guilty to an Embezzlement charge and one count of Insurance Fraud relating to the matters at issue in this lawsuit. (Def.'s Answer at 3.)

Bagetta (acting under the alias Michael A. Valentino) incorporated ProNational Insurance Company, (Agency) Auto/Business Incorporated, and he conducted business in Michigan under that name. (Pl.'s Br. for Summ. J. at 3.) Bagetta falsely and fraudulently represented himself to be the President of, and an agent of, ProNational, and he also falsely and fraudulently represented himself to be a licensed medical doctor. *Id.* at 3. Defendants created the false appearance and impression, in marketing and selling their services, that their services and business were part of, and were affiliated with, ProNational. *Id.* at 3.

Defendants targeted their activities towards ProNational's existing and potential customers. *Id.* at 3. Defendants acted to confuse and deceive ProNational customers into falsely believing that Defendant's business services are associated with or affiliated with ProNational. *Id.* at 4. Defendants defrauded those customers of premium monies, and caused harm to ProNational's goodwill and business reputation. *Id.* at 4. Defendant Bagetta agrees with Plaintiffs' above contentions. (Def.'s Answer at 3.)

In connection with Plaintiffs' business, Plaintiffs registered and began using various distinctive registered trademarks.[1]

1. Plaintiffs' have registered trademarks, including but not limited to: the "ProNational" mark (Registration No. 2,250,562) (Pl.'s Compl. Ex. D at 1), the "ProNational" mark

(Pl.'s Br. for Summ. J. at 4.) ProNational has invested, and is continuing to invest, substantial time, effort and money extensively promoting, advertising and using the ProNational marks in connection with its business throughout the United States. *Id.* at 4. Defendants were aware of Plaintiffs' rights in the ProNational marks when the Defendants adopted and began to use the ProNational mark and other ProNational formative marks in connection with Defendants' business. *Id.* at 5.

Bagetta contacted ProNational through its website, identifying himself as a physician affiliated with Ford Medical Center Health Care Systems, Inc., and indicated he was interested in receiving information on insurance for a clinic and doctors. (Pl.'s Compl. Ex. F at 1.) Defendants stated that they learned about ProNational's marks from the ProNational website. *Id.* at Ex. F at 2.

Plaintiffs never authorized, licensed or otherwise permitted Defendants to use the ProNational marks. *Id.* at 5. However, Defendant Bagetta admits that he executed documentation to effect a change in the name of his company from National Insurance Agency, Inc. to ProNational Insurance Company, (Agency) Auto/Business Incorporated. (Pl.'s Compl. Ex. C at 1.)

On April 14, 2004, Bagetta was sentenced to a term of imprisonment of 2 to 5 years on an Embezzlement conviction and 2 to 4 years on an Insurance Fraud conviction. (Pl.'s Compl. Ex. B, Dec. Kapelanski at ¶ 9); *See The State of Michigan v. Robert Michael Bagetta,* No. 03–188664–FH (Mich. 6th Judicial Cir. Oakland County April 14, 2004). On June 20, 2003, Plaintiffs filed their Complaint alleging that Defendant violated sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c), and 15 U.S.C. § 1114, and the Michigan Consumer Protection Act and the Michigan common law of unfair competition. (Pl.'s Compl. at ¶¶ 36–59.) On August 4, 2004, Plaintiffs filed their Motion for Summary Judgment on all counts. (Pl.'s Mot. for Summ. J.) Defendants did not respond to this motion.

## II. ANALYSIS

### A. Motion for Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the evidence and any inferences drawn from the evidence in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted), *Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir.2001).

The burden on the moving party is satisfied where there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). For a claim to survive a motion for summary judgment, the respondent must "do more than simply show that there is

---

in connection with a design application (Registration No. 2,250,587) (*Id.* at Ex. D at 2), the mark "DoctorCare" (Registration No. 1,779,-194) (*Id.* at Ex. E at 1), the mark "CorpCare" (*Id.* at Ex. E at 3), the mark "HealthPro" (Registration No. 2,133,550) (*Id.* at Ex. E at 4), and the mark "HealthServices" (Registration No. 2,136,386) (*Id.* at Ex. E at 7).

some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is plausible. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir.1996). *See also, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989).

### B. Plaintiffs' Claims

Plaintiffs brings an action for federal trademark and service mark infringement, trade name infringement, false advertising, and dilution, in violation of sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c), and 15 U.S.C. § 1114, and for violation of the Michigan Consumer Protection Act and the Michigan common law of unfair competition.

In his answer to Plaintiffs', Complaint, Defendant Bagetta agrees with Plaintiffs' allegations that Bagetta violated sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c), and 15 U.S.C. § 1114, and the Michigan Consumer Protection Act and the Michigan common law of unfair competition. (Def.'s Answer at 7–8.) Therefore, I GRANT Plaintiffs' Motion for Summary Judgment because Defendant Bagetta does not contest, but rather agrees with, Plaintiffs' claims.

### C. Plaintiffs' Relief

Plaintiffs request that this Court enjoin and restrain Defendants from:

a. Using ProNational, DoctorCare, CorpCare, HealthPro, HealthServices, TailCare, or any other mark or designation that is identical to, confusingly similar to, or dilutive of the ProNational marks or gives rise to a likelihood of confusion, mistake or deception with respect to the ProNational marks

b. Doing any other act or thing likely to induce the mistaken belief that Defendants' services or business are in any way approved or sponsored by, or affiliated, connected or associated with, ProNational's business and services; and

c. Unfairly competing with ProNational in any manner whatsoever or causing injury to the business reputation of ProNational.

(Pl.'s Br. for Summ. J. at 11.) Plaintiffs also request that this Court require Defendants "deliver for destruction all advertisements, brochures, current inventory of products, and related materials in its possession or control that bear" Plaintiffs' trademarks or names, pursuant to 15 U.S.C. § 1118. *Id.* at 12. Furthermore, Plaintiffs ask this Court to direct Defendants to "file with the Court and serve upon Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth detail the manner and form in which Defendants complied with the injunction [,]" pursuant to 15 U.S.C. § 1116. *Id.* at 12. Additionally, Plaintiffs request that this Court "award to Plaintiffs all reasonable attorneys' fees costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117 and/or common law [. . . .]" *Id.* at 12.

### 1. Permanent Injunction

■■■ In a trademark case, a court determines the scope of an injunction depending upon: the manner in which the plaintiff is harmed, the ways in which the harm can be avoided, the viability of the defendant's defenses, the burden that would be placed on the defendant and the potential effect upon lawful competition between the parties. *Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 130, 67 S.Ct. 1136, 91 L.Ed. 1386 (1947) ("But the char-

acter of the conduct giving rise to unfair competition is relevant to the remedy which should be afforded."). Where a defendant infringes upon a plaintiff's trademark, causing irreparable harm, an injunction is appropriate to protect the plaintiff's reputation and goodwill that it has established in its marks. *DaimlerChrysler v. The Net Inc.*, 388 F.3d 201 (6th Cir.2004); *see also Esercizio v. Roberts*, 944 F.2d 1235, 1248 (6th Cir.1991) (finding that injunctive relief is appropriate for Lanham Act violations).

■ Defendant Bagetta admits that he infringed upon Plaintiffs' trademark. (Def.'s Answer at 7–8.) Where a defendant has infringed upon a plaintiff's trademark "'irreparable harm is presumed from defendants' [sic] infringement of plaintiff's mark [. . . .]'" *DaimlerChrysler*, 388 F.3d 201; quoting *Circuit City Stores Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1055 (6th Cir.1999). Furthermore, both Plaintiffs and Defendant Bagetta agree that Defendants' infringement of Plaintiffs' trademarks caused injury to Plaintiffs and that Defendants' infringement harmed the goodwill that ProNational had established in its trademarks. (Pl.'s Br. for Summ. J. at 7; Def.'s Answer at 3.) Furthermore, Defendants have no right to use these trademarks. (Pl.'s Br. for Summ. J. at 5.) Therefore, balancing the Defendants' harm that resulted from their infringement of Plaintiffs' marks against the burden that would result from imposing a permanent injunction on Defendants, a permanent injunction is appropriate. Thus, I GRANT Plaintiffs' request for relief in the form of a permanent injunction.

### 2. Destruction Order

■ A plaintiff may request that a court order a defendant deliver for destruction articles that are the subject of the trademark violation under 15 U.S.C. § 1125(a).

15 U.S.C. § 1118. Defendant Bagetta admits that he violated 15 U.S.C. § 1125(a). (Def.'s Answer at 7–8.) A court may order a party destroy infringing goods to prevent future illegal conduct. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 519 (9th Cir.1992). However, a court may not issue a destruction order that has a punitive purpose, such an order is criminal and requires the same due process as required for criminal procedures. *Id.* at 519.

As stated above, Defendant Bagetta admits that he illegally used Plaintiffs' trademarks to confuse and deceive ProNational customers into falsely believing that his business services are associated with or affiliated with ProNational. (Def.'s Answer at 3.) Furthermore, Defendant Bagetta admits that he used Plaintiffs' trademarks to defraud those customers of premium monies, and to cause harm to ProNational's goodwill and business reputation. *Id.* Therefore, I believe a destruction order is appropriate to prevent future illegal conduct and that such an order is not punitive. Thus, I GRANT Plaintiffs' request for a destruction order.

### 3. Attorney's Fees

A plaintiff is entitled to receive attorney's fees where a defendant has violated 15 U.S.C. § 1125(a) or (d), "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117. Defendant Bagetta, as stated above, admits that he violated 15 U.S.C. § 1125(a). (Def.'s Answer at 7–8.)

■ The Sixth Circuit Court of Appeals teaches that although the term "exceptional" is not defined in the statute, "a case is not exceptional unless 'the infringement was malicious, fraudulent, willful, or deliberate.'" *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir.2004); citing *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir.1982) (applying 15

U.S.C. § 1117 to prevailing plaintiffs). I believe an award of attorney's fees to Plaintiffs is appropriate because Defendants acted in bad faith. Defendant Bagetta even agrees Plaintiffs that in bad faith he adopted and used Plaintiffs' trademarks to cause injury to ProNational. (Pl.'s Compl. ¶ 16; Def.'s Answer at 3.) Furthermore, Defendant Bagetta also agrees with Plaintiffs that he acted to confuse and deceive ProNational Customers into falsely believing that Defendants' business services are associated with ProNational. (Pl.'s Compl. ¶ 16; Def.'s Answer at 3.)

Therefore, there is sufficient evidence to demonstrate that Defendants acted in bad faith. There are sufficient facts to permit this Court, under the *Hindu Incense* standard, to award attorney's fees in Plaintiffs' favor. Thus, I GRANT Plaintiffs' request for relief of attorney's fees.

### III. CONCLUSION

■ Therefore, for the reasons stated above, I GRANT Plaintiffs' Motion for Summary Judgment, and GRANT Plaintiffs' requested relief. Specifically, I enjoin and restrain Defendants from:

- Using ProNational, DoctorCare, CorpCare, HealthPro, HealthServices, TailCare, or any other mark or designation that is identical to, confusingly similar to, or dilutive of the ProNational marks or gives rise to a likelihood of confusion, mistake or deception with respect to the ProNational marks;

- Doing any other act or thing likely to induce the mistaken belief that Defendants' services or business are in any way approved or sponsored by, or affiliated, connected or associated with, ProNational's business and services; and

- Unfairly competing with ProNational in any manner whatsoever or causing injury to the business reputation of ProNational.

Plaintiffs may submit an appropriate order of injunction. Furthermore:

- Defendants must deliver for destruction all advertisements, brochures, current inventory of products, and related materials in its possession or control that bear Plaintiffs' trademarks or names, pursuant to 15 U.S.C. § 1118.

- Defendants must file with the Court and serve upon Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth detail the manner and form in which Defendants complied with the injunction, pursuant to 15 U.S.C. § 1116.

- Defendants shall pay to Plaintiffs' Plaintiffs' attorneys' fees costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117.

Plaintiffs may submit an appropriate order for an award of attorney's fees.

**IT IS SO ORDERED.**