RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0035P (6th Cir.)
File Name: 04a0035p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

EAGLES, LTD. and EAGLES
RECORDING CO.,
    *Plaintiffs-Appellees,*

    *v.*

AMERICAN EAGLE
FOUNDATION f/k/a NATIONAL
FOUNDATION TO PROTECT
AMERICA'S EAGLES,
    *Defendant-Appellant.*

No. 02-5560

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 98-00090—R. Leon Jordan, District Judge.

Argued: December 10, 2003

Decided and Filed: January 29, 2004

Before: ROGERS and COOK, Circuit Judges; COHN,
District Judge.[*]

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

---

## COUNSEL

**ARGUED:** James R. Hastings, COLLEN IP, Ossining, New York, for Appellant. Carla J. Christofferson, O'MELVENY & MYERS, Los Angeles, California, for Appellees. **ON BRIEF:** James R. Hastings, Jess M. Collen, COLLEN IP, Ossining, New York, for Appellant. Carla J. Christofferson, Daniel M. Petrocelli, O'MELVENY & MYERS, Los Angeles, California, Michael J. Avenatti, GREEN, BROILLET, PANISH & WHEELER, Santa Monica, California, for Appellees.

---

## OPINION

---

AVERN COHN, District Judge. This is a trademark case. Defendant American Eagle Foundation (AEF) appeals from the district court's denial of its motion for attorney's fees and costs under 15 U.S.C. § 1117(a) and 28 U.S.C. § 1927 and the district court's denial of its motion to order the Patent and Trademark Office (PTO) to dismiss a trademark opposition filed by plaintiffs based on the dismissal of the district court action. AEF says that (1) the district court erred by failing to articulate its reasons for denying attorney's fees and costs; (2) the district court improperly held it to a higher standard for proving an "exceptional" case under 15 U.S.C. § 1117(a); and (3) the district court had jurisdiction and should have ordered the PTO to dismiss the pending opposition. Plaintiffs say that (1) the district court adequately stated the applicable legal standards for an award of attorney's fees as well as its reasoning for the denial; (2) the district court did not abuse its discretion in holding that the circumstances of the case were not "exceptional;" and (3) the district court correctly refused

to dismiss the opposition because the issue of estoppel must be raised before the PTO not the district court. We affirm.

## I. BACKGROUND

Plaintiff Eagles, Ltd. (EL) is one of several companies affiliated with the Eagles, a rock and roll band formed in 1971. EL owns the registered trademark and service mark "Eagles." AEF is a non-profit organization dedicated to protecting American bald eagles. It engages in education and protection activities, as well as selling and promoting music-related products such as a song entitled "Save the Eagle." AEF uses the Internet domain name "eagles.org" and vanity telephone numbers such as (800) 2-EAGLES.

AEF filed a trademark application for the "American Eagles Records" mark in 1995. EL filed Opposition No. 103,477 in response. Before the PTO ruled on AEF's application, EL filed suit in the district court in 1998 against AEF for trademark infringement, dilution, and other causes of action under the Lanham Act. The PTO then suspended its proceedings pending final disposition of the civil action.

The trial was originally scheduled to begin in April 2000 but was delayed and rescheduled for June 2001. The parties then submitted cross motions for summary judgment, which were denied by the district court. On May 29, 2001, less than two weeks before trial was set to begin, EL moved for substitution of counsel and requested a continuance until fall 2001 because important witnesses, including members of the band, would be on tour in Europe during the summer and unavailable to testify. The district court granted the motion for substitution of counsel but denied EL's motion for a continuance.

EL then moved for voluntary dismissal of its action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, arguing that it would be economically unfeasible

for it to go to trial in a week with completely new counsel and many of its witnesses unavailable to testify. The district court dismissed EL's case with prejudice and allowed AEF to move for attorney's fees and costs. AEF also moved to include as part of the Rule 41(a)(2) dismissal an order directing that the suspended opposition in the PTO be dismissed with prejudice. The district court declined to dismiss the opposition and denied AEF's motion for attorney's fees and costs under 15 U.S.C. § 1117(a) and 28 U.S.C. § 1927.

## II. ANALYSIS

### A. District Court's Statement of Reasons for Denying Attorney's Fees

The district court's denial of attorney's fees under 15 U.S.C. § 1117(a) and 28 U.S.C. § 1927 is reviewed for abuse of discretion. *See Johnson v. Jones*, 149 F.3d 494, 503 (6th Cir. 1998); *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997). "This court has defined an abuse of discretion as a 'definite and firm conviction that the trial court committed a clear error of judgment.'" *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003) (citation omitted).

15 U.S.C. § 1117(a) reads (emphasis added):

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 43(a) or (d), or a willful violation under section 43(c), shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales

only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. *The court in exceptional cases may award reasonable attorney fees to the prevailing party.*

28 U.S.C. § 1927 reads (emphasis added):

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies the proceedings in any case unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

AEF says that the district court in denying attorney's fees abused its discretion because it failed to adequately articulate its reasons. In *Israel v. City of Barberton*, 936 F.2d 573, No. 90-3268, 1991 U.S. App. LEXIS 32336, at *3 (6th Cir. Apr. 4, 1991) (unpublished), this Court held that "[i]n order to review a discretionary decision [to deny attorney's fees], some understanding of the trial court's reasons is necessary. Absent a statement of reasons, no meaningful review can be made." The district court in *Israel* denied a motion for attorney's fees "by a marginal denial" with no hearing or statement of reasons and the case was remanded so that the district court could give its reasons for the denial. *Id*. at *2, *4. In *Morscott, Inc. v. City of Cleveland*, 936 F.2d 271, 272 (6th Cir. 1991), this Court held that a district court's marginal

entry that completely fails to set forth any reason for the denial is an abuse of discretion because it is impossible to determine on appeal whether the district court was aware that it had the discretion to award attorney's fees.

Unlike the trial courts in *Israel* and *Morscott*, the district court here gave more than a marginal denial without support. The district court's order was sufficient because it clearly stated the applicable law and gave the reasons for the denial. Regarding 15 U.S.C. § 1117(a), the district court recognized that it had discretion under the "exceptional" case standard and cited cases from this Court applying the test. The district court then recited each side's arguments and stated:

The court has considered the circumstances of this case and the applicable legal standard and in its discretion concludes that this is not an exceptional case as called for under § 1117(a). Litigation requires strategic and often difficult and costly decisions. However, in the context of this case, such decisions do not qualify it as an "exceptional" case warranting an award of fees.

Regarding 28 U.S.C. § 1927, the district court stated the proper legal standard, recognized its discretion, and held:

Defendant contends that the conduct ascribed to the plaintiffs satisfies the standard of section 1927. Plaintiffs do not specifically direct their response to this contention but argue[] the case was not pursued in a vexatious, wanton, or oppressive manner. In any event, the court has again considered the circumstances of this case in light of the standard required by § 192[7], and in its discretion finds that an award of fees under this provision is not warranted. Accordingly, defendant's motion for costs and fees will be denied in its entirety.

Having handled the case over the course of four years, the district court was in the best position to determine whether the

circumstances of the case and conduct of EL warranted an award of attorney's fees. The district court addressed the parties' arguments and applied the correct legal standard. Further, the record relied on by the district court is available for review on appeal. The adequacy of a district court's statement is determined by this Court's ability to understand its reasoning, not by the number of sentences it uses. The district court's order was sufficient to allow meaningful review under the deferential abuse of discretion standard.

## B. "Exceptional" Case Under 15 U.S.C. § 1117(a)

The district court's denial of attorney's fees under 15 U.S.C. § 1117(a) is reviewed for abuse of discretion, but the district court's legal analysis and interpretation of the Lanham Act is reviewed *de novo. See Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825 (9th Cir. 1997).

Under 15 U.S.C. § 1117(a), a district court may award reasonable attorney fees to the prevailing party in "exceptional" cases. Here, the district court correctly recognized that the term "exceptional" is not defined in the statute, although a case is not exceptional unless "the infringement was malicious, fraudulent, willful, or deliberate." *See Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir. 1982). Because it relates to the act of infringement, the *Hindu Incense* standard clearly applies to prevailing plaintiffs. Indeed, most of the cases involving 15 U.S.C. § 1117(a) have applied the "exceptional" case analysis to prevailing plaintiffs. It is clear, however, that Congress intended to include prevailing defendants as well. *See* S. Rep. No. 93-1400 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7136.

In applying 15 U.S.C. § 1117(a) to a prevailing defendant, this Court has held that an "exceptional" case is one "where a plaintiff brings a suit that could fairly be described as 'oppressive.'" *Balance Dynamics Corp. v. Schmitt Indus.,*

*Inc.*, 208 F.3d 212, No. 98-1143, 2000 U.S. App. LEXIS 3290, at *2 (6th Cir. Feb. 25, 2000) (unpublished) (citing *Finance Inv. Co. v. Geberit AG*, 165 F.3d 526, 533 (7th Cir. 1998)). This Court has also held that "[w]here a plaintiff sues under a colorable, yet ultimately losing, argument, an award of attorney's fees is inappropriate." *American Council of Certified Podiatric Physicians & Surgeons v. American Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 625 (6th Cir. 1999).

AEF says that these cases have created an artificial bias in favor of prevailing plaintiffs in Lanham Act cases, which violates the party-neutral approach of *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994) ("Prevailing plaintiffs and prevailing defendants are to be *treated alike*, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). *Fogerty*, however, did not specify that the standard for prevailing plaintiffs and prevailing defendants had to be identical. Rather, it stated that courts should generally award attorney's fees in an even-handed manner. It is difficult to imagine how the standards for 15 U.S.C. § 1117(a) could be the same given that prevailing plaintiffs focus on the act of infringement while prevailing defendants point to the act of litigation. *See National Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1148-49 (10th Cir. 2000).

While the circuits differ somewhat as to the test for determining whether a case is "exceptional," often replacing the term with other adjectives, *see, e.g., Ale House Management, Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 144 (4th Cir. 2000) ("Relevant factors include 'economic coercion,' 'groundless arguments,' and failure to cite controlling law."); *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 555 (8th Cir. 1996) ("When a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant."), we believe that the "oppressive" standard first followed in *Balance Dynamics* most closely

follows the statute. Awarding attorney's fees to a prevailing defendant is meant to "provide protection against unfounded suits brought by trademark owners for harassment and the like." S. Rep. No. 93-1400 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7136. The test requires an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation. *See S Indus. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001) ("A suit is oppressive if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit."); *National Ass'n of Prof'l Baseball Leagues*, 223 F.3d at 1146-47 ("No one factor is determinative, and an infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well.").

The "oppressive" test is similar to the standard applied to prevailing plaintiffs where an award is appropriate if the infringement is "malicious, fraudulent, willful, or deliberate." *See Hindu Incense*, 692 F.2d at 1051. Both allow an award of fees where the opposing party abused the protections afforded by the Lanham Act. The standard of law applied by the district court, therefore, did not violate *Fogerty*'s party-neutral requirement.

Next, AEF argues that the district court incorrectly applied a heightened "clear and convincing" burden of proof because it cited *Finance Investment*, 165 F.3d at 533, which required clear and convincing evidence of exceptional circumstances. Although AEF is correct that a "clear and convincing" requirement is not supported by the language of the statute, there is no indication in the district court's opinion that it applied a "clear and convincing" burden of proof. Similarly, AEF argues that the district court inappropriately relied on *Finance Investment* by only considering EL's actions in

bringing the suit and not its later conduct during litigation. However, it is clear that the district court considered EL's alleged conduct during litigation, including "the use of certain witnesses, the last-minute exhibit list, and [EL's] apparent intention not to go to trial," and recognized the difficulty faced by EL that led to its voluntarily dismissing lengthy and expensive litigation.

Finally, AEF argues that the district court applied the wrong standard because it based its denial on a finding that EL brought the action in good faith. AEF says that the district court implicitly required it to prove bad faith on the part of EL to receive attorney's fees, which it says is incorrect. *See Scotch Whisky Ass'n v. Majestic Distilling Co.*, 958 F.2d 594, 599 (4th Cir. 1992) (requiring "'something less than bad faith'" to award attorney's fees to a prevailing defendant). *But see Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 194-95 (2d Cir. 1996) (requiring the defendant to show the plaintiff's bad faith). Simply because the district court referred to EL's argument that its case was brought in good faith and on the advice of counsel does not mean that it was looking for the opposite. There is no indication that the district court required a showing of bad faith.

EL had colorable legal arguments and legitimate reasons for choosing to dismiss the lawsuit. The district court applied the correct legal standard and in its discretion found that the case was not "exceptional" under 15 U.S.C. § 1117(a). The district court did not abuse its discretion in holding that AEF was not entitled to attorney's fees.

## C.  Pending PTO Opposition

The district court's decision regarding the Rule 41(a)(2) motion is reviewed for abuse of discretion. *United States v. 266 Tonawanda Trail*, 95 F.3d 422, 425 (6th Cir. 1996). The district court's decision to include certain terms and conditions in a Rule 41(a)(2) voluntary dismissal is

appealable only if unreasonable. *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 627 (6th Cir. 2000).

EL's opposition in the PTO to AEF's application for the "American Eagles Records" mark was suspended pending resolution of this case. After the district court dismissed the case with prejudice pursuant to Rule 41(a)(2), AEF moved to reconsider the dismissal arguing for the first time that the district court should order EL or the PTO to dismiss the opposition with prejudice as part of the Rule 41(a)(2) dismissal's terms and conditions. AEF argued that EL should be "estopped" from pursuing the opposition because it told the PTO that this case would be dispositive of the opposition, although EL's statement is not in the record. The district court denied EL's request and held that "[t]he issue of estoppel is before the Trademark tribunal not this court. If defendant believes that the plaintiffs should be prohibited from pursuing the Opposition action in the Trademark Office because of the result in this case, then defendant needs to make that argument to the Trademark Office."

AEF says that district courts are given clear statutory authority over actions regarding the trademark registration process under 15 U.S.C. § 1119, which states that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." AEF cites *Avon Shoe Co. v. David Crystal, Inc.*, 279 F.2d 607, 609 (2d Cir. 1960), which involved a dispute over the plaintiff's use of the "Haymakers" mark and the defendant's use of the "Haymaker" mark. The Second Circuit affirmed the district court's order directing the PTO to dismiss the plaintiff's opposition and grant concurrent registration of defendant's mark. *Id*. at 614-16. This case is factually distinguishable from *Avon Shoe*, however, because the marks at issue are not the same. The issue in this case was whether AEF's activities infringed or

diluted EL's "Eagles" mark; the case did not involve AEF's rights in the "American Eagles Records" mark. While the district court may have had general authority under 15 U.S.C. § 1119 to order the PTO to take action, it did not have the authority to decide issues regarding a mark that was not properly before it. *See Old Dutch Foods, Inc. v. Dan Dee Pretzel & Potato Chip Co.*, 477 F.2d 150, 157 (6th Cir. 1973) (directing the PTO to issue a concurrent registration to the defendant with limitations); *Durox Co. v. Duron Paint Mfg. Co.*, 320 F.2d 882, 883, 885-86 (4th Cir. 1963) (directing the PTO to issue a registration for the plaintiff's mark after the plaintiff properly raised the issue of validity in the complaint); *Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 704, 707 (9th Cir. 1957) (directing the PTO to cancel the "Jiffy" mark for the plaintiff and award a registration for the same mark to the defendant).

Further, the prospect of dismissal of the PTO opposition was not properly before the district court because AEF raised the issue for the first time in its motion for reconsideration. AEF failed to raise the argument as a counterclaim to the infringement action. Hence, according to the procedural posture of the case and by AEF's own admissions, its argument for dismissal is not based on the merits but on an estoppel theory. As the district court correctly pointed out, estoppel issues are ordinarily enforced by awaiting a second action in which they are pleaded and proved by the party asserting estoppel. The PTO, not the district court, must determine the preclusive effect of EL's statements.

Even if the issue of estoppel was properly before the district court, however, in light of the PTO's expertise and the district court's failure to reach the merits of the underlying action in this case, the district court's decision was reasonable and not an abuse of discretion.

### III.  CONCLUSION

The district court adequately articulated its reasons for denying attorney's fees and costs, applied the correct legal standard for "exceptional" cases under 15 U.S.C. § 1117(a), and in its discretion denied AEF's request for attorney's fees. The district court also did not abuse its discretion by refusing to dismiss the pending trademark opposition.

Accordingly, the district court's decision is AFFIRMED.