NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0418n.06

No. 12-3719

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Apr 26, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES SABATINE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| PAUL REVERE LIFE INSURANCE | ) | OHIO |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Before:  MARTIN, GILMAN, and KETHLEDGE, Circuit Judges.

PER CURIAM.  James Sabatine, who is represented by counsel, appeals a district court order sanctioning his attorney in Sabatine's civil trial.  Sabatine has waived oral argument, and we unanimously agree that oral argument is not needed.  Fed. R. App. P. 34(a).

Sabatine filed a lawsuit in the Ohio courts against Paul Revere Life Insurance Co. (Paul Revere), alleging that Paul Revere engaged in bad faith and breached a disability insurance policy by terminating Sabatine's disability benefits.  Sabatine sought a jury trial, a declaratory judgment, and monetary damages.  After removing the case to the United States District Court for the Northern District of Ohio on the basis of diversity jurisdiction, Paul Revere moved for summary judgment. The district court granted that motion in part, and dismissed Sabatine's bad-faith claim.  Sabatine twice moved for reconsideration, but the district court denied both motions.

Shortly before the trial, and in light of continued attempts by Sabatine to raise a theory analogous to his dismissed bad-faith claim, Paul Revere moved to exclude Sabatine from offering certain evidence related to that claim and from making certain prejudicial statements during opening

statements about Paul Revere's alleged bad faith. Sabatine filed two responses, arguing that he did intend to show at trial, *inter alia*, that the Paul Revere representatives that "handl[ed] the claim in 2008 utilized improper claim procedures" and that "[t]he fact that [the parent company of Paul Revere] placed its profits above the rights of its insureds and its moral and ethical duty owed to its insureds under the express terms of the contract is clearly a subject of comment in this matter." The court held a hearing on the morning of the trial and granted Paul Revere's motions. The case then proceeded to trial on the issue of whether Paul Revere breached the insurance contract.

In the first moments of opening statements, Sabatine's counsel alleged that Paul Revere practiced "corporate greed." The defendant objected and moved for a mistrial. The district court granted that motion. After the district court judge recused himself and a new judge was assigned, Paul Revere moved to sanction Sabatine's counsel for breaching the district court's orders. The district court granted that motion and sanctioned Sabatine's attorney $8,143.42 plus certain court costs. Paul Revere and Sabatine subsequently settled their underlying breach-of-contract claim. Accordingly, Paul Revere is no longer a party to this appeal.

Sabatine argues on appeal that the district court abused its discretion in sanctioning counsel for an act that was not a basis for a mistrial and that did not otherwise multiply the proceedings.

We generally review a district court's sanction order founded on 28 U.S.C. § 1927 for an abuse of discretion. *Jones v. Ill. Cent. R.R.*, 617 F.3d 843, 850 (6th Cir. 2010); *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 644 (6th Cir. 2006). An abuse of discretion is present when we possess "a definite and firm conviction that the trial court committed a clear error of judgment." *Hall v. Liberty Life Assur. Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010) (internal quotation marks omitted); *see also Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 726 (6th Cir. 2004).

Sabatine has established no such "definite and firm conviction" here. A court may sanction an attorney under § 1927 for conduct that "so multiplies the proceedings in any case unreasonably

and vexatiously." 28 U.S.C. § 1927; *see also Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 395–96 (6th Cir. 2009). Section 1927 sanctions are appropriate when counsel "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd.*, 465 F.3d at 646 (citation and internal quotation marks omitted). An award of fees under § 1927 requires a showing of more than negligence or incompetence but less than subjective bad faith. *Hall*, 595 F.3d at 276; *see also Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007).

Sabatine's counsel continuously sought to raise a theory of the case that the judge had disallowed. The district court rebuffed his attempts several times. The district court also expressly barred Sabatine from raising certain of those issues, warning him not "to degenerate [in opening statements] into calling the defendant insurance company names because they denied payments" or to get into "the fairness or unfairness of the defendant's position" or the fairness of their claims process. In doing so, the judge and Paul Revere's counsel discussed the possibility of a mistrial if Sabatine's counsel breached the district court's order. Nevertheless, Sabatine's counsel argued that Paul Revere practiced "corporate greed," the "modern-day Paul Revere" was "woefully different" than the historical Paul Revere, that Paul Revere would not engage in a "selfless act of patriotism," and that its insureds could not look to their insurer "in the hour of darkness and peril and need." It is no surprise that the defendant moved for, and the district court granted, a mistrial. The district court reasonably concluded that Sabatine's words were name-calling that also went to Paul Revere's claim-handling, its alleged unfairness, and a charge that Paul Revere was a "bad company." Thus, counsel violated the district court's orders.

Even after the mistrial was declared, counsel unapologetically insisted that his arguments were appropriate while simultaneously stating that he had "intended to introduce the jury to the concept of an insurance company accepting premiums based on promises it had no intention of

keeping" and that he intended to argue in oral statements that "[Paul Revere] make[s] you promises to protect you and your family in times of need but in the end, the promises made are nothing but illusions which cause security to fade." These statements further support the district court's conclusion that counsel intentionally and egregiously ignored the district court's clear orders. In light of counsel's repeated attempts to raise a bad-faith theory, his name-calling at trial, his self-professed trial theory, and the district court's familiarity with this case over its three-year history, counsel has not shown that the district court inappropriately declared a mistrial or abused its discretion in imposing sanctions. *See Jones*, 617 F.3d at 850.

For the foregoing reasons, we affirm the district court's order.