**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0363n.06

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
May 13, 2014
DEBORAH S. HUNT, Clerk

JASON A. MILNER, et al.,                    )
                                            )
    **Plaintiffs-Appellants,**              )       ON APPEAL FROM THE
                                            )       UNITED STATES DISTRICT
v.                                          )       COURT FOR THE SOUTHERN
                                            )       DISTRICT OF OHIO
ROBIN BIGGS, et al.,                        )
                                            )       **OPINION**
    **Defendants**,                        )
                                            )
and                                         )
                                            )
ARROW TITLE AGENCY, LLC, et al.,            )
                                            )
    **Defendants-Appellees.**              )

Before: MOORE and ROGERS, Circuit Judges, and NIXON, District Judge.[*]

    **JOHN T. NIXON, District Judge.** The plaintiffs-appellants in this case appeal a district court order sanctioning their attorney, Jason Shugart, under 28 U.S.C. § 1927. Shugart has retired from the practice of law since filing this appeal and appears *pro se* seeking reversal of the sanctions order. For the reasons stated below we **AFFIRM** the district court's judgment.

**BACKGROUND**

    In the underlying case, plaintiffs-appellants Jason A. Milner, Natasha M. Milner, and Lexi Milner retained Jason Shugart as counsel after discovering mold in a home approximately four weeks after they purchased it. On behalf of the Milners, Shugart filed a lawsuit in Pike

---

[*] The Honorable John Trice Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

County Court of Common Pleas in Ohio, raising a multiplicity of claims against nine named and additional unnamed defendants, including the seller, the home inspector, the seller's real-estate agency, the Milners' real-estate agents, and the title company. The case was subsequently removed to the United States District Court for the Southern District of Ohio on October 7, 2010. The district court first dismissed several claims in response to two motions for judgment on the pleadings, and ultimately granted summary judgment to all defendants on the remaining claims. We affirmed the district court's judgment with respect to all counts. *Milner v. Biggs,* 522 F. App'x 287 (6th Cir. 2013).

The award of sanctions on appeal here involves Shugart's persistence in litigation against the following defendants-appellees: Arrow Title Agency, LLC, which was the title company used during the underlying home purchase; its president, Jonathan Holfinger; and its regional sales manager, Chris Moore (collectively "Arrow"). The Milners' complaint alleged six causes of action against Arrow: violation of the Ohio Consumer Sales Practices Act ("OCSPA"), violation of the federal Real Estate Settlement Procedures Acts ("RESPA"), negligence, negligent misrepresentation, conspiracy, and unjust enrichment. R. 3 (Compl.) (Page ID # 107–23). The primary factual basis for the claims against Arrow[1] was that it had prepared a deed

---

[1] The district court found, in ruling on Arrow's motion for judgment on the pleadings, that the Milners' allegations against Arrow were "only that Arrow 'maintains a Waverly[, Ohio] office in the same building as Defendant Shanks'; Arrow "fail[ed] to provide executed copies of all documents signed or initialed by Plaintiffs'; Arrow 'failed to prepare the closing documents in accordance with the Purchase Contract'; Arrow 'failed to include the names of both' Jason and Natasha Milner on the General Warranty Deed; and Arrow was allegedly involved in a kickback or fee scheme with Defendants Shanks or Brenda DePugh." R 48 at 4 n.5 (Page ID # 442) (citations omitted). The Complaint also alleged that Moore represented that the title documents were properly prepared, R. 3 at ¶ 58 (Page ID #113–14), Arrow took advantage of the Milner's lack of sophistication, *id.* at ¶ 61 (Page ID #114), Arrow negligently represented that the warranty deed was correct, *id.* at ¶96 (Page ID #117), and Arrow "failed to exercise reasonable care in communicating information to" the Milners, *id.* at ¶ 97 (Page ID #117).

incorrectly conveying title only to the husband in the sale rather than to both buyers.[2] *Id.* at ¶ 77 (Page ID #115).

On January 11, 2011, without conceding fault, Arrow sent a corrected deed to Shugart and urged him to record it as an "effort to mitigate your clients' damages." R. 146-2 at 1 (Page ID # 2157). There is no evidence to suggest Shugart or the Milners ever recorded the corrected deed.

Arrow then filed a motion for judgment on the pleadings on all but the RESPA claims against it. R. 27 (Page ID # 307–22). On June 8, 2011, the district court granted that motion on the claims under the OCSPA as well as the conspiracy and unjust enrichment claims, leaving the negligence and negligent misrepresentation claims to proceed to discovery. R. 48 (Page ID # 439–51). The court noted that the only recovery the Milners could achieve on the remaining claims against Arrow, if proven, "[w]ould be the costs associated with correcting the deed." *Id.* at 12 (Page ID # 450). The Milners never disputed that this was the remaining measure of damages based on their claims for negligence and negligent misrepresentation. Indeed, in a motion for summary judgment against Arrow filed on November 28, 2011, the Milners requested damages in the amount of the costs associated with correcting the deed. R. 108 at 4–5 (Page ID # 1547–48).

Despite Arrow's outstanding and repeated offers to provide them with a corrected deed, the Milners, through Shugart, proceeded against Arrow in earnest. Shugart explained that his purpose in aggressively pursuing the negligence claims was to continue to relitigate and to "preserve" the dismissed OCSPA claims. Appellants' Br. at 16–19. In fact, the major thrust of

---

[2] The claims under RESPA and the conspiracy claims involved allegations of "steering," R. 3 at ¶ 112 (Page ID #118), for which the district court found (and the Milners conceded) there was no evidentiary basis. (R. 48 (Page ID # 443); R. 141 (Page ID # 2084).

3

Shugart's argument is that he was compelled to pursue the negligence claims in order to prevent the OSPCA claims from becoming "moot" on appeal. *Id.* at 18.

Following the dismissal of the OSPCA claims against Arrow, the Milners, through Shugart, engaged Arrow in extensive motion practice, including filing a late discovery request—necessitating Arrow to file a motion for a protective order—and five motions for various forms of relief: a motion for reconsideration, two motions to amend, a motion to dismiss without prejudice, and a motion for summary judgment. Arrow was required to litigate each of these issues. The district court denied the relief sought by the Milners in each instance and granted Arrow's motion for a protective order. R. 159 at 25–31 (Page ID # 2484–90). During this period, Arrow repeated its offer to make the Milners whole by correcting the deed, and Shugart continued to refuse. *Id.* at 21–22 (Page ID # 2480–81). Arrow then filed a motion for summary judgment on the remaining claims, which the district court granted on April 6, 2012. R. 141 (Page ID # 2062–88).

After the district court granted it summary judgment, Arrow moved for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent authority, arguing primarily that the Milners' continued litigation of the case, in the face of Arrow's offer to provide the modest relief to which they were entitled, was frivolous and vexatious. R. 146 at 4–10 (Page ID # 2139–45). The district court issued an order conditionally granting the motion for sanctions, R. 150 (Page ID # 2181–89), and on March 6, 2013, held a hearing on the motion. R. 155 (Page ID # 2319); R. 164 (Page ID # 2549–2644). The district court ordered the parties to submit evidence and briefing on the matter, including evidence of Shugart's ability to pay sanctions. R. 150 (Page ID #2188). In his testimony and briefing, Shugart argued only that the district court was wrong in its decision to dismiss the plaintiffs' OCSPA claim and that he was therefore justified in

continuing to press his negligence claims against Arrow, and that the district court "fabricated timelines" out of prejudice. R. 152, 159 at 16–17 (Page ID # 2300–13, 2475–76).

On the Milners' appeal on the merits of the district court's dismissal of all the claims against Arrow as well as the other defendants, this Court affirmed the district court's decision as to all claims. *Milner*, 522 F. App'x at 289; R. 156 (Page ID #2320–2339). A few days later, on April 5, 2013, the district court issued an opinion awarding Arrow sanctions pursuant to 28 U.S.C. § 1927 in the amount of $51,668.29, representing reasonable attorney's fees incurred between January 11, 2011, when Arrow sent Shugart the corrected quitclaim deed to fix its purported error, and the entry of judgment on April 6, 2012. R. 159 (Page ID # 2460–95).

On this appeal from the order awarding sanctions, Shugart argues again that because the district court was incorrect in dismissing the claim under the OSCPA, his continued litigation of the plaintiffs' negligence claims after that dismissal was warranted and necessary "to preserve their [OSCPA] claims for appeal."[3] Appellants' Br. at 18.

## ANALYSIS

We review a district court's sanction order under 28 U.S.C. § 1927 for abuse of discretion. *Jones v. Ill. Cent. R.R.,* 617 F.3d 843, 850 (6th Cir. 2010); *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 644 (6th Cir. 2006) ("*Red Carpet Studios*"). An abuse of discretion is present when we possess "a definite and firm conviction that the trial court committed a clear error of judgment." *Hall v. Liberty Life Assurance Co. of Boston,* 595 F.3d 270, 275 (6th Cir. 2010) (internal quotation marks omitted); *see also Eagles, Ltd. v. Am. Eagle Found.,* 356 F.3d 724, 726 (6th Cir. 2004).

---

[3] Shugart also argues that the district court's decision is a "repressive political statement against Shugart." Appellants' Br. at 19. As he offers no basis for that allegation, we do not consider it here.

Sanctions under § 1927 may be awarded against an attorney for conduct that "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; *see also Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 396 (6th Cir. 2009). Section 1927 sanctions are appropriate when counsel "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios*, 465 F.3d at 646 (internal quotation marks omitted). An award of fees under § 1927 requires a showing of "more than negligence or incompetence" but "less than subjective bad faith." *Hall*, 595 F.3d at 276 (internal quotation marks omitted); *see also Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007) ("To be sure, a finding of bad faith is not a necessary precondition . . . to a determination of § 1927 sanctionability."). The purpose of a sanctions award under this provision is to "deter and punish those who abuse the judicial process," *Red Carpet Studios*, 465 F.3d at 645, not to compensate the moving party, *id.* at 647.

In this case, Shugart pursued a theory of Arrow's liability under the OCSPA that the district court held to be without merit on June 8, 2011. Following the district court's dismissal of the OCSPA claim against Arrow, Shugart continued to pursue the remaining claims, admittedly based on his conviction that Arrow remained liable under the OCSPA. Shugart does not dispute that the only relief available to the Milners based on their remaining claims of negligence and negligent misrepresentation was a corrected deed; moreover, as the district court found, he never had an evidentiary basis for these claims. R. 159 at 19–21 (Page ID # 2478-80). However, despite the outstanding and repeated attempts of Arrow to give the Milners the full relief they could have achieved by prevailing on their remaining claims, Shugart rebuffed Arrow's offers and continued to litigate the Milners' remaining meritless claims for another ten months—until final judgment was entered in the case—simply because he disagreed with the OCSPA holding.

Shugart's ten months of litigation included his filing five meritless motions and prompting Arrow to file an additional motion in response to his noncompliance with discovery deadlines. The litigation of these motions cost Arrow needless attorney fees.

Shugart defends his continued litigation of the negligence claims against Arrow by arguing, without citation to authority, that he was compelled to refuse settlement of the negligence claims in order to preserve his ability to appeal the dismissal of the OSCPA claims. This argument is meritless; it ignores well-settled case law that the mootness of one issue in a case does not affect the continued justiciability of the remaining issues. *See, e.g., Univ. of Tex. v. Camenisch,* 451 U.S. 390, 394 (1981); *In re Wingerter*, 594 F.3d 931, 936–37 (6th Cir. 2010). *See also* Rule 54(b) Fed. R. Civ. P. Once the OCSPA claims were dismissed, Shugart had the ability to resolve the remaining negligence claims against Arrow by simply accepting its offer to correct the problem with the deed. Moreover, Shugart's acceptance of the corrected deed as satisfaction of the negligence and negligent misrepresentation claims would not have affected the Milners' ability to appeal the district court's ruling regarding the OCSPA claims.

The district court acted within its discretion to sanction Shugart for continuing to litigate his meritless claims after Arrow offered to provide the only relief to which his clients were entitled. Sanctions are not appropriate in this case merely because Shugart pursued a claim which was ultimately unsuccessful. If an attorney reasonably believes that a claim has merit, he is not subject to sanctions because the court issues a judgment in favor of the opposing party. *See Michigan Division-Monument Builders of N. Am. v. Michigan Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008). However, Shugart's continued litigation of the claims after Arrow offered to correct the deed, including multiplicative motions practice and inappropriate discovery requests, was vexatious and warranted sanctions.

7

Accordingly, we **AFFIRM** the district court's award of attorney's fees under 28 U.S.C. § 1927.[4]

---

[4] Because we affirm the sanctions awarded here under 28 U.S.C. § 1927, we need not address Arrow's argument that the sanctions were also warranted under the district court's inherent power.