NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0163n.06

No. 18-5518

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WANDA FAYE JONES, KELLY DORRIS
PENDERGRASS, and TIFFANY SHEA JONES,

  Plaintiff-Appellants,

v.

ELITE EMERGENCY SERVICES, LLC, SAMUEL
C. CLEMMONS, and SHANNON CLEMMONS,
Individually and, dba Elite Emergency Services,
LLC,

  Defendant-Appellees.

```
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
```

| | |
|---|---|
| **FILED** | |
| Apr 01, 2019 | |
| DEBORAH S. HUNT, Clerk | |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

Before: KETHLEDGE, WHITE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. The plaintiffs below—Wanda Jones, Tiffany Jones, and Kelly Pendergrass—appeal the district court's denial of prejudgment interest and reduction of their requested fee award. We affirm in part and vacate in part.

I.

The plaintiffs sued Elite Emergency Services, LLC for violations of the Fair Labor Standards Act, alleging that Elite had wrongly labelled them independent contractors to avoid paying them overtime. Elite agreed to pay the plaintiffs $125,000—including $60,000 in attorney fees—to settle the case. The district court approved the settlement, but retained jurisdiction over the case until Elite had paid the plaintiffs. Several months later, however, Elite had not made the payment. The plaintiffs therefore asked the court to enter a final judgment ordering Elite to pay them. In response, Elite moved under Rule 60 to set aside the settlement, arguing that the plaintiffs

had tricked Elite into settling by withholding documents that showed, among other things, how many hours some of the plaintiffs had worked. The district court granted judgment to the plaintiffs and denied Elite's motion as untimely. Days later, Elite moved again under Rule 60 to set aside the court's judgment for fraud. After a hearing, the district court denied that motion as well.

The plaintiffs then moved for prejudgment interest under Tennessee law, costs under Rule 54(d)(1), and over $685,000 in attorney fees pursuant to the settlement agreement and as a sanction under 28 U.S.C. § 1927. In an order dated March 20, 2018, the district court denied relief on all those grounds, but held that the plaintiffs should receive reasonable attorney fees and costs for their opposition to Elite's two motions. (No party challenges the court's basis for shifting fees.) Yet the court found that the plaintiffs' request for $685,000 was excessive, for two reasons: that amount included work unrelated to Elite's two motions, and the proposed hourly rate of $500 was too high. Thus, the court ordered the plaintiffs to file a revised motion for fees based on an hourly rate of $350. The court also rebuked both parties for the "litigiousness" and "contentious history" of the case—which had by this time produced over 300 docket entries over the course of five years. Finally, the court ordered the parties not to file any new motions without the court's approval.

A few days later, the plaintiffs filed a revised request for attorney fees—which still exceeded $400,000 for work putatively related to Elite's two motions. Elite responded that the plaintiffs again had billed for work that had nothing to do with those motions: namely, work on their unsuccessful motion for pre-judgment interest, work done before Elite even filed its motions, and work on a different lawsuit in state court.

But the plaintiffs then proceeded to file three more motions, in plain violation of the court's prohibition in its March 20 order. Specifically, the plaintiffs filed a motion to make a minor correction to the revised motion for fees, a motion for a hearing to challenge Elite's response to

the revised motion for fees, and a motion re-arguing various issues that the district court had already decided. In addition, the plaintiffs' revised motion for fees included eleven pages in which they asked the court to reconsider its denial of prejudgment interest and complained of Elite's "slanderous accusations" and "deplorable tactics."

In an order dated May 7, 2018, the district court refused to consider the unauthorized motions, observing that they had been filed in "blatant disregard of" its prior order. The court also decided to award the plaintiffs only the fees and costs that Elite had agreed were appropriate, which amounted to about $94,000 in fees and no costs. This appeal followed.

II.

The plaintiffs argue that, under Tennessee law, the district court should have awarded them prejudgment interest to compensate for Elite's delay in paying them. We review that decision for an abuse of discretion. *See Baptist Physician Hosp. Org., Inc. v. Humana Military Healthcare Servs., Inc.*, 481 F.3d 337, 354 (6th Cir. 2007). Under Tennessee law, a court has discretion to award prejudgment interest if necessary to compensate a plaintiff. *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). But a court need not award prejudgment interest if the defendant reasonably disputed the amount owed or if the party seeking interest unreasonably delayed the proceedings. *See Story v. Lanier*, 166 S.W.3d 167, 180-82 (Tenn. Ct. App. 2004). Here, the district court denied prejudgment interest because Elite's motions had not been frivolous and because the plaintiffs shared blame for the delay. That decision was not an abuse of discretion. *See id.* In two sentences, the plaintiffs also request post-judgment interest, but that argument is forfeited because it is inadequately briefed. *See Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence*, 910 F.3d 270, 283 n.6 (6th Cir. 2018).

The plaintiffs also argue that the district court should not have held a hearing on Elite's second motion, and that the court would have saved time if it had applied judicial estoppel against Elite's arguments. That argument is frivolous: the district court plainly had discretion to hold a hearing if it so chose. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

The plaintiffs also say that the district court abused its discretion when it ordered them to seek permission before filing any more motions, because (they say) Elite alone had been responsible for the vexatious litigation. *See Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000). A glance at the district court's docket for the case is enough to refute that assertion. Nor, contrary to the plaintiffs' suggestion, was the district court required to provide notice of its "no further motions" order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962).

Finally, the plaintiffs challenge the district court's reduction of their attorney fees and costs, either as an impermissible sanction or as an abuse of the court's discretion to calculate reasonable fees. *See Goodyear*, 137 S. Ct. at 1186; *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). We fully recognize the district court's wide latitude to "maintain order" and manage the "contumacious conduct" of parties. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 832 (1994); *United States v. Moncier*, 571 F.3d 593, 599 (6th Cir. 2009). And we have considerable sympathy for the district court's frustration with the contentiousness of this litigation generally and with plaintiffs' disregard of the court's orders in particular. Moreover, in many respects, even the plaintiffs' revised request for fees seemed plainly excessive.

But the May 7 order does not make the basis of its decision clear for purposes of our review. Specifically, the order does not make clear whether the district court reduced the fee award as a sanction—and if so, the particular source of authority for that sanction. Nor does the order state whether the reduced award reflected the court's judgment as to the amount of a reasonable fee.

No. 18-5518, *Jones, et al. v. Elite Emergency Services, LLC, et al.*

We therefore remand the case for the district court to specify whether it based its decision on either of these grounds, or different grounds, or both grounds. *See Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 727 (6th Cir. 2004).

With one exception, all of the district court's orders recited in the plaintiffs' notice of appeal are affirmed. The exception is the district court's fee award in its May 7, 2018 order, which is vacated. The case is remanded for proceedings consistent with this opinion.